## GEORGE W. MUNDAY *v.* J. H. MUSE.

The statutes granting a preference right to actual settlers on public lands donated to the State, were
intended to benefit white persons who, being heads of families, or over twenty-one years of age,
had made a settlement with a view to cultivation, and not of speculation. Actual residence is re-
quired; and the mere fact of cultivation, without residing on the land, cannot be considered a
compliance with the law.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J.
R. J. *Bowman*, for plaintiff and appellant. *Fuqua & Kilbourne* and *P.
Pond, Jr.*, for defendant.

VOORHIES, J. The briefs filed on behalf of the plaintiff and of the defendant
have narrowed down to one point the investigation of the respective titles of the
parties to the land in controversy. The question is, whether the defendant was
entitled to a right of preëmption under the Acts of March 17th, 1852, and of
March 16th, 1853. If not, the plaintiff's patent, derived from the State, must
prevail; otherwise, the judgment appealed from must be affirmed.

The defendant purchased from *Mrs. Pamela Muse's* succession the tract of land
in question, whilst the latter, in her lifetime, had purchased her vendor's right,
title, interest and claim, as derived from the probate sale of the succession of
*Charles Ingram*, deceased. The record does not disclose what was the nature of
*Charles Ingram's* titles; and, in the proces-verbal of sale of his succession, the
property sold was described as : " all the right, title, interest and claim of the
estate of the deceased, *Charles Ingram*, to a claim of land on the Comite, con-
taining six hundred and fifty acres, known as the Rourke Tract, and adjoining
the lands of *Robert Dunn*."

The plaintiff, on the 8th of February, 1853, entered the land, and, on the 20th

MUNDAY
v.
MUSE.

January, 1854, obtained a patent from the State Government. On the other hand, the defendant shortly afterwards, March 13th, 1854, made a regular application for a preëmption right, and tendered the money to the State Treasurer, who, however, refused to receive the amount, but gave a certificate of the tender.

It is in evidence, that the defendant and his predecessors, although they did not live upon the premises, have cultivated the land. Hence it is contended on his behalf, that he was an actual settler, and that the preference right to enter the. same, granted by the Acts of 1852 and of 1853, cannot be defeated by the plaintiff's entry and patent.

The statutes granting a preference right to actual settlers, intended to benefit white persons, who, being heads of families, or over twenty-one years of age, had made a settlement, with the view and purpose of cultivation, and not of speculation. The mere fact of cultivation, without residing on the land, could not, therefore, be considered as a compliance with the law. The statutes contemplated that the applicant would be a resident,—an actual settler. If the object of the law had been merely to create an incentive to the cultivation of these lands, it is not conceived why it should have restricted this right of preference to six hundred and forty acres. *Sage* v. *Cain*, 14 An. 192.

That the Legislature meant, by the term " actual settlers," residents on the public lands, is also made evident from the fact that relief was extended to those who, (had not these lands been donated to the State of Louisiana,) would necessarily have had to apply to the Federal Government to obtain the right of preëmption, as actual settlers and residents.

The defendant's pretentions with regard to the title to the land in dispute, must give way to the patent exhibited by the plaintiff. The latter is entitled to the fruits or revenues of the property since the institution of this suit, as prayed for in his petition. These amount, under the assessment of the parties, to the sum of one hundred and fifty dollars per annum.

With regard to the reconventional demand for improvements. it is proper to observe that, previous to the institution of this action, the defendant was a *bona fide* possessor, by virtue of the purchase from the estate of *Pamela Muse*, deceased ; and, consequently, that he has a good claim for improvements made previously to that period. C. C. 495, 3414. But, as the proof on this branch of the case is not sufficiently definite, it will be necessary to remand the case for the purpose of enabling the defendant to introduce additional evidence in furtherance of his claim for re-imbursement.

It is, therefore, ordered and decreed, that the judgment of the District Court be set aside and annulled ; and that the plaintiff do have judgment against the defendant for the land in question, with the yearly sum of one hundred and fifty dollars for the fruits and revenues since the institution of the present action, together with the costs incurred in both courts.

It is further ordered, that this case be remanded for the purpose of trying the defendant's reconventional demand.

MERRICK, C. J., declined to sit in this case.

LAND, J., absent.